AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**GARVILLE GARY GAYLE**<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 6:25-mj-1254 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 29, 2024__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

SA Mark Annotti, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __03/14/2025__

_____
*Judge's signature*

City and state: __Orlando, Florida__    ROBERT M. NORWAY, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                             CASE NO. 6:25-mj- 1254

COUNTY OF ORANGE

### AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 21 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On or about April 29, 2024, the Orlando Police Department (OPD) arrested **Garville Gary GAYLE**, a/k/a Tyrell Marquis KNIGHT, and booked him into the Orange County Jail (OCJ) based on state criminal charges of (1) possession of cocaine and (2) possession of marijuana over 20 grams (case number 48-2024-CF-005885, Orange County, Florida). Following his arrest, the OCJ booking system automatically forwarded **GAYLE's** information to the Alien Criminal Response Information Management System (ACRIMe) national database.

4. On or about April 30, 2024, DO Nelson Figuroa identified **GAYLE's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. When DO Figueroa attempted to file an ICE immigration detainer on **GAYLE** with the OCJ, he discovered that **GAYLE** had already been released on bond.

5. On March 11, 2025, the Orange County Sheriff's Office (OCSO) arrested **GAYLE** and booked him into the OCJ based on state criminal charges of (1) driving while license suspended/revoked and (2) driving while driver's license suspended more than 6 months (case numbers 48-2025-CT-401733 and 48-2025-CT-401744, Orange County, Florida). Following his arrest, the OCJ booking system automatically forwarded **GAYLE's** information to the ACRIMe national database.

6. On March 11, 2025, Supervisory Detention and Deportation Officer (SDDO) Marshall Vliet identified **GAYLE's** information in ACRIMe, verified his

2

identity, and determined that he likely was in the United States illegally. SDDO Vliet filed an ICE immigration detainer on **GAYLE** with the OCJ.

7. On March 12, 2025, DO Matthew Bergin contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested/received **GAYLE's** fingerprints relating to the OCJ booking on March 11, 2025. On March 13, 2025, DO Bergin submitted this set of fingerprints to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **GAYLE** and his unique FBI number. DO Bergin forwarded **GAYLE's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

8. A review of various databases and ICE records disclosed that **GAYLE** has an Alien File Number (A xxx xxx 103). He was born in 1988, in St. Catherine Parish, Middlesex County, Jamaica. He is a citizen of Jamaica and not a citizen of the United States. On or about October 16, 2009, **GAYLE** was administratively ordered deported/removed from the United States to Jamaica. **GAYLE** was physically removed from the United States to Jamaica on two occasions, specifically (1) on or about November 19, 2009, and (2) on or about May 26, 2016.

9. **GAYLE** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

10. A criminal history check revealed that **GAYLE** was convicted of

3

possession of marijuana with intent to sell, a felony violation of Florida law, on May 5, 2008; he was sentenced to 3 days imprisonment (case number 50-2007-CF-012941, Palm Beach County, Florida). **GAYLE** was convicted of being found in the United States after deportation, a felony violation of federal law, on February 8, 2016; he was sentenced to 8 months imprisonment (case number 6:15-CR-00211-GAP – Middle District of Florida). More recently, **GAYLE** was convicted of possession of cocaine, a felony violation of Florida law, on March 11, 2025; he was sentenced to 2 days imprisonment (case number 48-2024-CF-005885, Orange County, Florida).

11. Based on the foregoing, there is probable cause to believe that on or about April 29, 2024, **GAYLE** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1).

This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Subscribed and sworn to before me
This 14th day of March, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

4